UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DeMARCUS WESTLEY | CIVIL ACTION NO. 07-1088 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about June 11, 2007 by *pro se* petitioner DeMarcus Westley.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving concurrent and consecutive hard labor sentences imposed following his 2003 convictions for attempted murder, aggravated rape, aggravated kidnaping, armed robbery and simple escape in the Sixteenth Judicial District Court, St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On March 12, 2003 petitioner was found guilty as charged of attempted murder, aggravated rape, aggravated kidnaping, armed robbery, and simple escape. On April 2, 2003 he was sentenced to serve fifty years at hard labor on the attempted murder and armed robbery

2

convictions, life without parole on the aggravated rape and aggravated kidnaping convictions,

and five years on the escape conviction.  Petitioner appealed his convictions and sentences to the

First Circuit Court of Appeals. [doc. 1-3, pp. 2-3] On April 2, 2004 petitioner's convictions were

affirmed in an unpublished opinion of the First Circuit Court of Appeal. The court found some

unspecified error in sentencing and therefore the matter was remanded to the trial court for re-

sentencing. *State of Louisiana v. Demarcus Quan Westley*, 2003-1774 (La. App. 1 Cir. 4/2/2004),

870 So.2d 643 (Table).  Nevertheless, petitioner did not seek further direct review in the

Louisiana Supreme Court.[1]

On some unspecified date in November 2005, petitioner filed a *pro se* Application for

Post-Conviction Relief in the Sixteenth Judicial District Court. [doc. 1-3, p. 8]   The trial court

initially granted an evidentiary hearing, however, on April 11, 2006 the court summarily denied

relief without convening the evidentiary hearing. Petitioner sought review in the First Circuit

Court of Appeals, but writs were denied on August 7, 2006 in an unpublished writ denial.

Petitioner sought writs in the Louisiana Supreme Court and on June 1, 2007 his writ application

was denied. *State of Louisiana ex rel. Demarcus Westley v. State of Louisiana*, 2006-2242 (La.

6/1/2007), 957 So.2d 166.  Petitioner signed his federal petition for writ of *habeas corpus* on

June 11, 2007. [doc. 1-1, pp. 6-7; doc. 1-3, p. 36]

---

[1] This fact is not stated in the pleadings; however, a review of the presumptively reliable published jurisprudence reveals no writ judgments from the Louisiana Supreme Court with respect to the matter on direct appeal. The only published writ judgment from the Louisiana Supreme Court concerns the writ denial on collateral attack, *State of Louisiana ex rel. Demarcus Westley v. State of Louisiana*, 2006-2242 (La. 6/1/2007), 957 So.2d 166.

3

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[2] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally, nothing in the pleadings or record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

4

      Federal courts have interpreted § 2244(d)(1)(A) to provide that the state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has run (see Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)).  "Direct review, which includes a petition for *certiorari* to the Supreme Court, occurs 'when the Supreme Court either rejects the petition for certiorari or rules on its merits.' *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). If no petition is filed, then we examine the second method of creating finality, 'the expiration of the time for seeking such review.' *Id.* If a criminal defendant has pursued his direct appeal through the highest state court, then this period includes the 90 days for filing a petition for *certiorari* to the Supreme Court. *Id.* If not, then it includes the time for seeking further state-court direct review. *Id.* At the conclusion of these periods, the judgment becomes final." *Foreman v. Dretke*, 383 F.3d 336, 338 (5th  Cir. 2004)(emphasis supplied).

      As shown above, the published jurisprudence establishes that petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court. His judgment of conviction  thus became final by "...the expiration of the time for seeking such review..." Under Louisiana Supreme Court Rule X, §5, petitioner had a period of thirty days following the mailing of the Court of Appeals' judgment on direct appeal within which to file his petition for *certiorari*.[3]

---

[3] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeals..." Uniform Rules, Courts of Appeal, Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to ... all appeal counsel of record, and all parties not represented by counsel." In the absence of any evidence to the contrary, it is presumed that the First Circuit Court of Appeals followed the dictates of Rule 2-16.4 and mailed notice of judgment on the date that the judgment was rendered.

5

The First Circuit Court of Appeals affirmed petitioner's conviction on April 2, 2004.

*State of Louisiana v. Demarcus Quan Westley*, 2003-1774 (La. App. 4/2/2004), 870 So.2d 643

(Table).  Thus, petitioner's judgment of conviction and sentence became final for AEDPA

purposes thirty days later, or on or about May 3, 2004 when the Rule X, §5(a) delays for filing in

the Supreme Court lapsed.  Petitioner therefore had one year, or until May 3, 2005, to file his

federal *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provisions of § 2244(d)(2) because by the

time he filed his Application for Post-Conviction Relief in November 2005[4] the limitations

period had already expired and could not be revived by the filing of the otherwise timely state

post-conviction pleading. See *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196,

197 (5th Cir.1998).

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to

present any "rare and exceptional circumstances" warranting the application of the equitable

tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v.

Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000);

*Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713

(5th Cir.1999).

The circumstances of the instant case are not extraordinary enough to qualify for

equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is

actively misled by the defendant about the cause of action or is prevented in some extraordinary

way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398,  402, *cert. denied* 529 U.S.

---

[4] See doc. 1-3, p. 8 "The petitioner timely filed an Application for Post-Conviction Relief in November, 2005..."

6

1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000),  (quoting *Rashidi v. American President Lines*,

96 F.3d 124, 128 (5th Cir.1996). (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128

(5th Cir.1996). A "'garden variety claim of excusable neglect'" does not support equitable

tolling. *Id.*  Moreover, even attorney error or neglect is not such an extraordinary

circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310

F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by

the actions or inactions of his counsel.  *Id.*

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of

§2244(d)(1)(A) and dismissal on that basis is appropriate.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND**

**DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year

limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A  party may

respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

**days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

7

**conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 29, 2007.


_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)