RECEIVED

OCT - 3 2007 ṄŎ

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
- LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| DEMARCUS WESTLEY | CIVIL ACTION NO. 07-1088 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

### JUDGMENT

Before the court is petitioner DeMarcus Westley's *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254. On August 29, 2007, United States Magistrate Judge Mildred E. Methvin recommended dismissal of Westley's petition as time-barred by the provisions of 28 U.S.C. §2244(d). [doc. 4][1]

Petitioner submitted a timely objection to the Report and Recommendation on September 14, 2007. He argued that he should be afforded the benefit of statutory tolling as defined by §2244(d)(2) for the period between May 3, 2004 – May 3, 2005, because during that period he attempted to obtain a copy of the trial court record to assist him in the preparation of his collateral attack. According to petitioner, the various requests and motions filed pursuant to Louisiana's Public Records Law (La. R.S.44:1 *et seq.*) remained pending until December 7, 2005 when he obtained the court record. [doc. 5, pp. 1-3]

---

[1] Magistrate Judge Methvin concluded that petitioner's judgment of conviction became final for AEDPA purposes on May 3, 2004 when the delays for seeking further direct review in Louisiana's Supreme Court lapsed under Supreme Court Rule X, §5(a). Magistrate Judge Methvin noted that petitioner could not rely on the statutory tolling provisions of 28 U.S.C. §2244(d)(2) because by his own admission, petitioner did not file his application for post-conviction relief in the Louisiana courts until sometime in November 2005 and by that time the limitations period established by 28 U.S.C. §2244(d)(1)(A) had already elapsed. [doc. 4, p. 5]

2

In the alternative, petitioner argued that he should be entitled to the benefits of equitable tolling because of the delay encountered in obtaining his state court trial record. [doc. 5, p. 3]

In addition to his objection to the Report and Recommendation, on September 14, 2007 petitioner also filed a "Motion for Production of Documents and Motion for Writ of Mandamus" requesting this Court order the Louisiana 16th Judicial District Court produce the post-conviction records filed in his case, so that petitioner could demonstrate his efforts to obtain court records in advance of the filing of his application for post-conviction relief. [doc. 6]

*1. Statutory Tolling*

A *habeas corpus* petitioner is entitled to the benefits of statutory tolling pursuant to 28 U.S.C. §2244(d)(2) for the period during which a "... properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment..." remains pending in the state courts.  Even if it is assumed petitioner's various public records requests and motions were filed and remained pending during the relevant time period, such requests and motions sought production of documents - the requests and motions did not challenge petitioner's judgment of conviction.   Because petitioner's Public Records requests did not seek review of the judgment pursuant to which he is incarcerated, these motions did not constitute "other collateral review" for purposes of 28 U.S.C. § 2244(d)(2) and could not serve to  toll the AEDPA limitations period. *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002).

*2. Equitable Tolling*

Courts which have considered the issue of equitable tolling of AEDPA's statute of limitations have generally concluded that delays in the receipt of transcripts and court records are neither "extraordinary circumstances" justifying equitable tolling, nor "state created

3

impediments" warranting statutory tolling under §2244(d)(1)(B).[2]

Common to the cases rejecting either statutory or equitable tolling is the inability of the *habeas corpus* petitioner to establish that the court records were necessary for filing post-conviction claims. Such is also the case with regard to Mr. Westley. Petitioner was permitted to file his state application for post-conviction relief and then supplement it when he obtained his records. He was aware of the broad contours of his claims even without consulting the court record. The absence of the court records did not prohibit petitioner from timely litigating either

---

[2] See *Roughley v. Cockrell*, 45 Fed. Appx. 326, 2002 WL 1899622 (5th 2002) (Petitioner's request for state court records is insufficient to establish that he proceeded with due diligence in pursuing his federal claims, because the similarity in the claims raised in his state and federal petitions precludes a finding that the lack of state court records prevented him in some extraordinary way from asserting his right to file a federal petition.); *Scott v. Dretke*, 2005 WL 1812559 at *2, (W.D.Tex. 2005)("Delays in the receipt of transcripts and court records do not generally equate to an 'extraordinary circumstance' that justifies equitable tolling of the AEDPA's statute of limitations."; *King v. Dretke*, 2006 WL 536562 (N.D. Tex. 2006); *Manguia v. Dretke*, 2004 WL 2254221 (N.D. Tex. 2004); compare also, *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (Even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)); *Gauthier v. Higgins*, 175 Fed. Appx. 174 (10th Cir. 2006)(Petitioner's alleged inability to pay for trial transcripts did not constitute an "impediment to filing" an application for federal *habeas* relief within the meaning of §2244(d)(1)(B), nor would it have prevented him from discovering "the factual predicate of the claim or claims presented" in his federal *habeas* petition, as described in § 2244(d)(1)(D)); *Roland v. Motley*, 2006 WL 2457936 (E.D. Ky. 2006), (The unavailability of transcripts and other state court records do not allow equitable tolling to excuse an otherwise untimely petition.); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir.2002) (The delay in obtaining a transcript formed no basis for equitable tolling since petitioner attended the hearing and was aware of what had transpired and thus did not need the transcript to file his *habeas corpus* petition.); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.2001) (Equitable tolling argument based on the delay in receipt of a transcript rejected.); *Cofer v. Johnson*, 2000 WL 1029201 (5th Cir. July 14, 2000) (No. 99-40878) (same); *Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir.2002) (In denying petitioner equitable tolling based on the deprivation of legal materials, the Court noted that petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials."); *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D.La.2000) (A transcript is not necessary to prepare *habeas* petition.); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001) (Lack of access to a trial or hearing transcript does not preclude the petitioner from commencing *habeas corpus* proceedings and therefore does not warrant equitable tolling); *Kiser v. Dretke*, 2004 WL 2331592 (N.D.Tex.2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction *habeas* relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

4

his state post-conviction[3] or federal *habeas corpus* claims.

Due to the foregoing, the Court finds petitioner is not entitled to the benefits of either statutory or equitable tolling of the AEDPA limitations period.  Therefore, for the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including the objections filed by petitioner, and for the foregoing reasons,

**IT IS ORDERED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

**IT IS FURTHER ORDERED** that petitioner's Motions for Production of Documents and for Writ of Mandamus [doc. 6] be **DENIED.**

**THUS DONE AND SIGNED**, in Chambers, in Lafayette, Louisiana, on this 3 day of October, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3]   In order to obtain the court records, petitioner was required to state a "particularized need." [doc. 5, p. 2] Under Louisiana law, an inmate who requests transcripts or other documents in anticipation of a collateral attack on his conviction cannot make the requisite showing of particularized need, absent proof of a properly filed application for post-conviction relief which sets out specific claims of constitutional errors that require the requested documentation for support. *State ex rel. Bernard v. Criminal District Court Section "J"*, 94-2247 (La.4/28/95), 653 So.2d 1174.  See also *State ex rel. McKnight v. State*, 742 So.2d 894 (1st Cir. 1998).  In other words, under Louisiana law, petitioner was required to state his claims for relief prior to obtaining the transcripts.